George M. Carney, J.
This is a proceeding under CPLR 7801 seeking to set aside and vacate an order of the City Rent and Rehabilitation Administration fixing the rent for apartment 2B in premises 129 First Avenue, New York City.
*863 The building in question was renovated, the work being finished about October 31, 1962. On November 6-, 1962, petitioner executed a lease for apartment 2B with one Frederick Edwards at a rental of $130 per month. One month’s rent and one month’s security, a total of $260, was deposited by tenant. The term of the lease ran from November 15, 1962 to November 14, 1963. Prior to entry into the apartment, the tenant indicated that he did not wish to be bound by the lease because he was a minor and submitted proof to that effect. On November 29, 1962, the tenant not having entered into possession, the petitioner returned to the tenant the $260 received from him and cancelled the lease. The petitioner then leased the apartment to Katherine O’Hara and Carol Beyer at the rate of $135 per month, for a period from December 15, 1962, to December 14, 1963.
On or about February 5,1963, petitioner filed with respondent its statement of rental history, which included a rent roll, together with the leases confirming the various rentals. The rent roll indicated that the rent for apartment 2B was $135 per month. The lease filed for this apartment, however, was the Edwards lease, which showed a rental of $130' per month.
The respondent fixed the rent for apartment 2B at $130 per month and, upon protest, adhered to that decision without a hearing.
The petitioner claimed that respondent’s decision is arbitrary and not warranted by the facts or law. The respondent contends that it acted in accordance with its interpretation of subdivision b of section 21 of the Rent, Eviction and Rehabilitation Regulations of the City of New York. This section provides that “ b. For housing accommodations for which there was no maximum rent in effect on April 30,1962, and which were rented subsequent to April 30, 1962, the maximum rent shall be the first rent charged ”, Petitioner contends that by the term “ the first rent charged ” is meant rent actually collected under a valid rental agreement. The respondent contends that the Edwards lease was binding on the petitioner until disavowed by Edwards and established the first rental charged, even though the tenant Edwards never entered into possession. The Edwards lease, when executed and until disaffirmed by Edwards, was a valid lease and enforcible by Edwards against petitioner. It certainly was evidence of what the petitioner thought the proper rental of the apartment should be at the time. The interpretation by respondent of its own regulations is entitled to great weight (Hotel Armstrong v. Temporary State Housing Rent Comm., 11 A D 2d 395) and, even if the court might have arrived *864 at a different conclusion, should not be disturbed unless the decision is clearly arbitrary and contrary to law. Under the circumstances here, the decision of respondent fixing the rental of this apartment cannot be considered arbitrary or contrary to law. The petition is dismissed.